ORIGINAL

WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK, SBN 12303 (VA)
CINDY O'HARA, SBN 114555 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5653
Fax No. (415) 625-5657
cindy.ohara@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GENESCO, INC,<br><br>Defendant. | Case No.:<br><br>**CV 12 2220**<br>**COMPLAINT**<br><br>Civil Rights- Employment Discrimination<br><br>DEMAND FOR JURY TRIAL |

### NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Charging Party Leah Marshall. Defendant subjected Ms. Marshall to unlawful discrimination based on her sex when it would not allow her to return to work after childbirth and instead terminated her employment.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1334, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged herein were committed in the State of

California, in the County of Alameda. Venue is therefore proper in the United States District Court for the Northern District of California

### INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Francisco/Oakland division of this court as the violation alleged in the complaint took place in Alameda County.

### PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, §2000e-5(f)(1) and (3).

5. Defendant Genesco Inc. ("Defendant") is a Tennessee corporation, doing business in the State of California, in the County of Alameda, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000-e(b), (g) and (h).

### STATEMENT OF CLAIMS

**Violation of Title VII based on Sex Discrimination**

7. More than thirty days prior to the institution of the lawsuit, Charging Party Leah Marshall ("Charging Party") filed a charge with Plaintiff Commission alleging violations of Title VII by Defendant Genesco, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least November of 2007, Defendant has engaged in unlawful practices of sex discrimination in violation of Section 703(a)(1) of Title VII, 42 U.S.C.§2000e-2(a)(1) by subjecting Charging Party to discrimination because of her sex, when it refused to allow her to return to work after maternity leave and instead terminated her employment. On or about October 7, 2007, Charging Party left her employment as an Assistant Manager at Defendant's store in Newark, California for maternity leave. On November 12, 2007, Charging Party's child was born. On or about November 17, 2007, Charging Party was contacted by Defendant and told that her she was not

to return to work and her position was eliminated. On or about December 9, 2007, Defendant terminated Charging Party's employment, without ever allowing her to return from maternity leave.

9. The effect of the actions complained of in paragraph 8 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect Charging Party's status as employee because of sex.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons acting in concert or participation with them, from engaging in discrimination based on sex, including pregnancy, against their employees.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit sex discrimination including pregnancy, and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make whole Charging Party by providing appropriate back pay and benefits with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement to prior position and/or front pay and other appropriate relief to be determined at trial.

D. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life

1  and humiliation, in amounts to be determined at trial.

2      F.    Order Defendant to pay Charging Party punitive damages for the malicious and
3  reckless conduct described above, in amounts to be determined at trial.

4      G.    Grant such further relief as the Court may deem just and proper in the public interest.

5      H.    Award the Commission its costs of this action.

## DEMAND FOR JURY TRIAL

The Commission demands a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of the General Counsel
Washington, DC 20507

Dated: May 1, 2012

WILLIAM R. TAMAYO
Regional Attorney

Dated: May 1, 2012

JONATHAN PECK
Supervisory Trial Attorney

Dated: May 1, 2012

CINDY O'HARA
Senior Trial Attorney