# FILED

JUN 1 8 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  WILLIAM R. TAMAYO – #084965 (CA)
   MARCIA MITCHELL- #18122 (WA)
2  DEBRA A. SMITH – #147863 (CA)
   UNITED STATES EQUAL EMPLOYMENT
3  OPPORTUNITY COMMISSION
   San Francisco District Office
4  350 The Embarcadero, Suite 500
   San Francisco, California 94105-1260
5  Telephone:    (415) 625-5650
   Facsimile:    (415) 625-5657
6  debra.smith@eeoc.gov

7  Attorneys for Plaintiff EEOC

8  MORGAN LEWIS & BOCKUS LLP
   ERIC MECKLEY- # 168181 (CA)
9  emeckley@morganlewis.com
   KATHRYN M. NAZARIAN- #259392 (CA)
10 knazarian@morganlewis.com
   One Market, Spear Street Tower
11 San Francisco, CA 94105-1126
   Tel:   415.442.1000
12 Fax:   415.442.1001

13 Attorneys for Defendant GENESCO, INC.

14           **UNITED STATES DISTRICT COURT**

15          **NORTHERN DISTRICT OF CALIFORNIA**

16

17 **U. S. EQUAL EMPLOYMENT**          Case No. CV 12-2220 JST
   **OPPORTUNITY COMMISSION,**
18

19              Plaintiff,            **CONSENT DECREE**

20     v.

21 **GENESCO, INC,**                  Honorable Jon Tigar

22              Defendant.

23

24

25

26

27

28

DB2/ 24070763.2

## I. INTRODUCTION

A.    Plaintiff U.S. Equal employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex discrimination and to make whole Charging Party Leah Marshall, a former assistant manager of Defendant Genesco, Inc. ("Genesco" or "the Company") aggrieved by the alleged unlawful practices. EEOC alleged that Genesco unlawfully subjected Ms. Marshall to sex discrimination by terminating her instead of allowing her to return to work after the birth of her child.

B.    Defendant Genesco, Inc. denies these allegations in the lawsuit and further denies that it discriminated against Leah Marshall in any way. Defendant's entry into this Consent Decree does not constitute an admission by Defendant of any violation of Title VII of the Civil Rights Act of 1991.

C.    In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Commission and Genesco ("the Parties") have agreed that this action should be finally resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication and/or finding on the merits of the case.

D.    The EEOC and Genesco, Inc. agree that each party shall bear its own costs and attorneys' fees.

E.    The Parties agree that this Consent Decree resolves all claims arising out of EEOC Charge Number No. 555-2008-00353C, the EEOC's investigation of said charge and this lawsuit. The Parties further agree that this Consent Decree constitutes a complete resolution of all claims of sex discrimination under Title VII that were alleged in the Complaint and that were, or could have been raised, based upon Charging Party's EEOC charge, including all reasonably related claims that could have been tolled by the filing of the EEOC charge.

F.    This Consent Decree comprises the full and exclusive agreement of the Parties with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by both Parties to this Decree, except that any substantive change, modification or amendment of any provision of this

1   Consent Decree shall require approval by the Court.

2   NOW, THEREFORE, in consideration of the mutual promises and agreements set forth

3   herein, the sufficiency of which is hereby acknowledged, IT IS ORDERED, ADJUDGED AND

4   DECREED that:

5   1.   This Court has jurisdiction over the subject matter and the Parties to this action. This

6   Court will retain jurisdiction over this Decree for all purposes until the expiration of Genesco's

7   obligations as set forth herein.

8   2.   The entry of this Consent Decree will further the objectives of Title VII and will be in

9   the best interest of the Parties and the public.

10  3.   This Consent Decree is final and binding upon the Parties, their successors and assigns.

11  **II.   SCOPE OF THE CONSENT DECREE**

12  The duration of the Consent Decree shall be eighteen (18) months from the date of entry of

13  the Decree, provided that Genesco has complied substantially with the terms of this Consent Decree.

14  Genesco will be deemed to have complied substantially if the Court has not made any express

15  finding or orders during the term of the Consent Decree that the Company has failed to comply with

16  any terms of this Consent Decree. During the eighteen (18) month term of this Consent Decree, this

17  Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing

18  compliance with the Consent Decree, including issuing such orders as may be required to effectuate

19  its purposes.

20  **III.   GENERAL INJUNCTIVE PROVISIONS AGAINST SEX DISCRIMINATION**

21  Genesco, Inc., and its officers, agents, managers (including supervisory employees),

22  successors and assigns, is enjoined from: (1) discriminating against persons on the basis of sex

23  within the meaning of Title VII; and (2) engaging in retaliation against any person because of her

24  opposition to any practice made unlawful under Title VII or because of the filing of a charge, the

25  giving of testimony or assistance, or participation in any investigation, proceeding or hearing under

26  Title VII.

27  **IV.   MONETARY RELIEF**

28  A.   In settlement of the EEOC's claims, Genesco shall pay the gross sum of $25,000.00 to

3

1  Charging Party Leah Marshall. This monetary relief shall be issued in two checks drafted in Ms.

2  Marshall's name and delivered directly to her at an address provided by the EEOC. Genesco shall

3  make payment to Ms. Marshall in the form of a business check, cashier's check, or certified check.

4      (1)    The first check shall be made payable to "Leah Marshall" in the gross amount

5  of $5,000.00 (Five Thousand Dollars and No Cents). This Settlement Payment will be

6  characterized as wages, and will be paid subject to all appropriate withholdings and

7  deductions. Genesco will issue Leah Marshall an IRS Form W-2 form for this payment.

8      (2)    The second check shall be made payable to "Leah Marshall" in the gross

9  amount of $20,000.00 (Twenty Thousand Dollars and No Cents). This Settlement Payment

10  shall be characterized as damages for alleged emotional distress. Genesco will issue Leah

11  Marshall an IRS Form 1099 for this payment. Although it is the contemplation of the Parties

12  that this portion of the settlement does not represent wages, the Internal Revenue Service, the

13  California Franchise Tax Board, or some other taxing authority may take the position that

14  some, or all, of this portion of the settlement constitutes compensation for income tax and

15  withholding purposes.

16      B.    Leah Marshall shall sign a Release of Claims in consideration of her receipt of the

17  Settlement Payments listed above, releasing Genesco from any and all claims under Title VII and the

18  Civil Rights Act of 1991, both judicial and administrative, that she has or may have had, arising

19  from the facts alleged in the Complaint filed by the EEOC or and that were, or could have been

20  alleged in the charge of discrimination, Charge No. 555-2008-00353C, that she filed with the EEOC,

21  based upon Charging Party's EEOC charge, including all reasonably related claims that could have

22  been tolled by the filing of the EEOC charge. The Release of Claims will also include a provision

23  through which Marshall accepts responsibility for paying her portion of taxes owing from payment

24  of the settlement.

25      C.    Genesco shall issue payment of the Settlement Payments no later than fourteen days of

26  receipt of the Release of Claims or fourteen days of entry of this decree, whichever is later.

27  1.    Genesco shall also send true and accurate copies of the Settlement Payments to the EEOC

28  on the same date that it mails them to Leah Marshall.

4

CONSENT DECREE
CV 12-2220 JST

DB2/ 24070763.2

2.      Within fourteen days of mailing of the IRS Form W-2 and IRS Form 1099, Genesco will

notify the EEOC in writing that it has mailed the forms to Ms. Marshall.

**SPECIFIC INJUNCTIVE RELIEF**

Genesco, Inc. affirms the following "Statement of Zero-Tolerance Policy and Equality

Objectives":

> Genesco, Inc. is firmly committed to providing a work environment free from all forms of
> harassment and discrimination; to swiftly and firmly responding to any acts of discrimination
> based on sex of which the Company becomes aware; to implementing a disciplinary system
> that is designed to strongly deter future acts of sex discrimination; and to actively monitoring
> its workplace in order to ensure tolerance, respect and dignity for all people.

This paragraph does not create any individual contractual or common law causes of action or

other rights that would not otherwise exist under statute.

   a.    **EEO and Harassment Policies:**

       1.  Genesco, Inc. shall revise its current EEO and sex discrimination policies such that

they expressly include pregnancy as a prohibited basis for discrimination;

       2.  Genesco shall revise its Orientation Manual at Page 2 of 4 such that it advises

employees that they can call Genesco's toll-free complaint number or email its Human Resources

Department to file complaints of discrimination. The toll free number and email address will be

added to the appropriate text box in the Orientation Manual.

       3.  Contact information for the Human Resources Department shall be, and remain,

posted in a prominent place (not on the sales floor) at all of Genesco's business locations.

       4.  Genesco shall effectively disseminate its revised policies and procedures by: (a)

posting the revised policies on-line; (b) distributing hard copies of the policy to all current

employees in the store in which Leah Marshall worked within 30 days of its adoption; (b) requiring

all new employees to review the policy on-line upon the employees' hire; and as part of the on-

boarding process; (c) requiring each employee who reviews the policy to sign an electronic

statement acknowledging their review of the policy.

       5.  In the event that Genesco decides to make any additional revisions its EEO policies

and procedures during the 18-month term of the decree, the Company will submit a copy of the

revised EEO and anti-discrimination policies to the EEOC for its review at least twenty (20) days

CONSENT DECREE
CV 12-2220 JST

1  before the anticipated date of implementation. The EEOC will notify Genesco within fourteen (14)

2  days of receipt of the revised policies if it has any concerns about the proposed revisions. This

3  procedure does not impose a requirement of EEOC approval before implementation of any revised

4  policy.

5          b.  **Posting of Notice**:

6          The attached Notice shall be, and remain, posted in a clearly visible location frequented by

7  employees at the Store where Leah Marshal worked during the term of this Consent Decree.

8  **3.      TRAINING**

9          a.  **Training of Employees**:

10          Within ninety (90) days of entry of this Decree, Genesco, Inc. shall revise its on-line

11  employee compliance training program to include instruction on issues related to sex discrimination

12  and particularly pregnancy discrimination. The training materials shall incorporate scenarios

13  illustrating behaviors that may violate anti-discrimination laws prohibiting discrimination on the

14  basis of pregnancy. Genesco shall submit the revised compliance training materials to the EEOC for

15  its review and comments no later than ninety (90) days of entry of this Decree. The EEOC will

16  provide feedback to Genesco within fourteen (14) days of receipt of the revised on-line training for

17  employees.

18          b.  **Training of Managers**:

19              1.  Genesco shall continue to require its managers to receive EEO and anti-

20  discrimination training that provides instruction on issues related to sex discrimination and

21  particularly pregnancy discrimination. The training materials shall continue to incorporate scenarios

22  illustrating behaviors that may violate anti-discrimination laws prohibiting discrimination on the

23  basis of pregnancy

24              2.  **Certification Regarding Training Materials**

25          Beginning with the first report required by paragraph 5, below, and continuing every six

26  months throughout the duration of this decree, Genesco shall certify to the EEOC that EEO training

27  materials for managers were consistent with paragraph 2(b)(1), above.

28  **4.      POLICIES DESIGNED TO PROMOTE SUPERVISOR ACCOUNTABILITY**

CONSENT DECREE
CV 12-2220 JST

a. **Communication of Potential Discipline for Engaging in Sex Discrimination**:

1. Genesco, Inc. shall impose substantial discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who engages in sex discrimination or knowingly permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct. The Company shall communicate this policy to all of its supervisors and managers in writing.

2. Genesco shall advise all managers and supervisors in the State of California of their duty to actively monitor their work areas to ensure employee compliance with the Company's EEO and anti-discrimination policies, and to report any incidents and/or complaints of sex discrimination of which they become aware to the Human Resources Department or other department charged with handling such complaints.

3. Genesco shall communicate this policy in writing to all other supervisors and managers in the State of California at the time they are hired or promoted to supervisor/manager, and in connection with subsequent anti-discrimination and anti-harassment training.

5. **EXPUNGEMENT OF RECORDS AND DISCLOSURE OF INFORMATION REGARDING CHARGING PARTY'S EMPLOYMENT**

a. Genesco, Inc. shall not disclose any information or make reference to Ms. Marshall's charges of discrimination or this lawsuit in responding to any employment reference requests for information about Charging Party Leah Marshall.

b. Genesco shall remove from Ms. Marshall's personnel file any termination notice that indicates that she is not eligible for rehire and any other references to her charge of discrimination against the Company and/or to this lawsuit, and shall retain such documents, if any, in files separate and apart from other personnel files.

c. From the date of entry of this Consent Decree, Genesco shall not disclose in response to inquiries from potential employers, any information regarding Leah Marshall's employment with the Company except as follows:

1. In response to a specific inquiry, the Company may disclose the Charging Party's

7

1  dates of employment, position held and final rate of pay;

2      2. Genesco may disclose information under Court order or pursuant to lawful subpoena;

3      3. Genesco shall advise managers and any officials or agents of the Company who are

4  responsible for responding to employment reference checks of the foregoing.

5  **6.   REPORTS TO THE COMMISSION**

6  Within six (6) months after entry of this Decree, and every six months thereafter, Genesco will send

7  the EEOC a report containing the following information and documentation covering the previous

8  six-month period

9      a.  **Training Reports:** Genesco shall certify that its training materials are consistent with

10        paragraphs 2(a) and (b) above.

11      b.  **Sex Discrimination Complaint Reports:** :

12        i.  Copies of any and all sex discrimination complaints received by the Company

13          from any employee in the State of California since the submission of the

14          immediately preceding report hereunder;

15        ii.  The name, address, and telephone number of each complainant and the Company

16          employee who received the complaint.

17        iii.  A description of the investigation undertaken with respect to each complaint.

18        iv.  The results of each investigation into sexual discrimination that Genesco has

19          undertaken since the submission of the immediately preceding report.

20        v.  Genesco shall maintain a copy of each complaint; all records, documents and

21          other writings relevant to each complaint and its respective investigation; and the

22          result of each complaint/investigation for the duration of the Consent Decree.

23        vi.  The EEOC may request copies of any or all of these documents in writing to

24          Genesco's counsel, and Genesco shall provide the requested documents to the

25          EEOC within fifteen (15) days.

26  **7.   RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

27      a.  This Consent Decree shall automatically terminate eighteen (18) months from the date

28        of entry by the Court, unless the Commission petitions this Court for an extension of the

8

CONSENT DECREE
CV 12-2220 JST

1    Decree because of alleged noncompliance by Genesco, Inc. If the Commission

2    determines that the Company has not complied with the Consent Decree, the Commission

3    will provide written notification of the alleged breach to Genesco and will not petition the

4    Court for enforcement sooner than sixty (60) days after providing written notification.

5    The sixty-day period following written notice shall be used by the parties for good faith

6    efforts to resolve the issue. If the Commission petitions the Court and the Court finds

7    Genesco to be in substantial violation of the terms of the Decree, the Court may extend

8    this Consent Decree.

9       b.    Except as provided in the preceding paragraph, eighteen (18) months after the entry of

10    this Consent Decree, this lawsuit will be dismissed with prejudice, provided that Genesco

11    has complied substantially with the terms of this Consent Decree. Genesco will be

12    deemed to have complied substantially if the Court has not made any express findings or

13    orders during the term of the Decree that the Company has failed to comply with any of

14    the terms of this Decree.

15

16    Respectfully Submitted,

17    DATED: June 17, 2013        EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

18

19                        By:   */s/ Marcia Mitchell*
MARCIA MITCHELL

20                        Attorney for Plaintiff EEOC

21    WILLIAM TAMAYO          PATRICK LOPEZ
Regional Attorney             General Counsel

22    MARCIA MITCHELL         JAMES L. LEE

23    Supervisory Trial Attorney      Deputy General Counsel

24    DEBRA A. SMITH            GWENDOLYN Y. REAMS
Senior Trial Attorney          Associate General Counsel

25

26    EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

27    San Francisco District Office       Office of the General Counsel
350 The Embarcadero, Suite 500    131 "M" St. NE

28    San Francisco, CA 94105-1260     Washington, D.C. 20507

9

CONSENT DECREE
CV 12-2220 JST

Telephone (415) 625-5650
Facsimile (415) 625-5657

Attorneys for Plaintiff

Dated: June 17, 2013                          GENESCO, INC.

                                              By: ___/s/ Eric Meckley_____
                                                    ERIC MECKLEY
                                                    KATHRYN M. NAZARIAN
                                                    MORGAN LEWIS & BOCKUS LLP
                                                    One Market, Spear Street Tower
                                                    San Francisco, CA 94105-1126
                                                    Tel:   415.442.1000
                                                    Fax:   415.442.1001
                                                    Attorney for Defendant Genesco, Inc.

**IT IS SO ORDERED:**

DATED: _6/18/13_____

                                              _____
                                              HON. JON S. TIGAR
                                              US DISTRICT COURT JUDGE

10

CONSENT DECREE
CV 12-2220 JST